# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHIRELY L. PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:10CV289 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Shirley L. Phillips seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner's denial decision became final on January 27, 2010, when the Appeals Council found no basis for review of the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

## The Claimant

Plaintiff Phillips was born on August 6, 1960, and was 46 years of age on her alleged onset date of disability. She has a limited education. Plaintiff has past relevant work experience as a nurse assistant, house worker, and sewing machine operator. Plaintiff alleges disability as of January 15, 2007, due to panic attacks, fibromyalgia, degenerative macular

disease, herniated disc in her lower back, carpal tunnel syndrome in the right hand, anxiety, basal cell carcinoma, nervous condition, migraines and chronic asthma.

The Administrative Proceedings

Plaintiff protectively filed an application for DIB on February 15, 2008, and for SSI on June 23, 2008, alleging disability as of January 15, 2007, due to panic attacks, fibromyalgia, degenerative macular disease, herniated disc in her lower back, carpal tunnel syndrome in the right hand, anxiety, basal cell carcinoma, nervous condition, migraines and chronic asthma. Her claim was denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on December 3, 2009, and a decision denying benefits was issued on February 12, 2010. Plaintiff filed a request for review, and on March 17, 2010, the Appeals Council found no basis for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.

The findings of the ALJ relevant to this review include the following:

1. Plaintiff meets the disability insured status requirements of the Social Security Act through March 31, 2008.

2. Plaintiff has not engaged in substantial gainful activity since January 15, 2007, the alleged onset date.

3-4. Plaintiff's degenerative disc disease of the cervicolumbar spine, fibromyalgia, anxiety/depression and respiratory impairment (asthma) are "severe" impairments, but these impairments do not meet or medically equal one

of the listed impairments in Appendix 1 to Subpart P of Social Security Regulation No. 4.

5-6. Plaintiff has the residual functional capacity to perform medium work, that she is able to stand/walk 6 hours of an 8-hour workday and sit 6 hours of an 8-hour workday, lift/carry 50 pounds occasionally and 25 pounds frequently, push/pull 50 pounds occasionally and 25 pounds frequently. She must have no exposure to excessive levels of dust, gas, fumes, smoke, etc. and can perform only routine/simple work. Plaintiff is, however, unable to perform her past relevant work.

7-8. Plaintiff was born on August 6, 1960, and was 46 years old, which is defined as a "younger individual" age 18-49, on the alleged onset date. She has a limited education and is able to communicate in English.

9. Transferability of job skills is not an issue in this case because Plaintiff's past relevant work is unskilled.

10. Considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs in the national economy that Plaintiff can perform.

11. Plaintiff has not been under a disability, as defined in the Social Security Act, from January 15, 2007, through the date of the decision.

## The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

## Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. §§ 404.1520, 416.920 (2011). Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and if not, (5) whether she can perform other work. The burden of persuasion is on the claimant through

the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering her age, education and work experience. *Id.*

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act on January 15, 2007, her alleged onset date of disability, and continued to meet them through March 31, 2008. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 15, 2007. Proceeding to step two, the ALJ found that Plaintiff suffers from degenerative disc disease of the cervicolumbar spine, fibromyalgia, anxiety/depression and respiratory impairment (asthma), impairments that are severe within the meaning of 20 C.F.R. §§ 404.1520(c) and 416.920(c). The ALJ proceeded with the sequential evaluation and found at step three that Plaintiff does not have an impairment, or combination of impairments, that meets or equals the ones listed in Appendix 1, Subpart P, Regulations Number 4. The ALJ concluded his evaluation at steps four and five, finding that Plaintiff has the residual functional capacity to perform medium work, that she is able to stand/walk 6 hours of an 8-hour workday and sit 6 hours of an 8-hour workday, lift/carry 50 pounds occasionally and 25 pounds frequently, push/pull 50 pounds occasionally and 25 pounds frequently. She must have no exposure to excessive levels of dust, gas, fumes, smoke, etc. and can perform only routine/simple work. The ALJ concluded that although Plaintiff is

limited to routine/simple tasks with no exposure to certain respiratory irritants, these limitations do not significantly erode the unskilled occupational base for medium work. Accordingly, based on Plaintiff's exertional capacity and her age, education and work experience, the ALJ found that Rule 203.25, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 (the "Grids") directs a finding of "not disabled."

In this action for judicial review, Plaintiff's sole argument is that the ALJ erred in relying on the Grids at step five of the sequential evaluation. (Docket No. 8, Pl.'s Br. Supp. Mot. for Summ. J., at 3.) Specifically, Plaintiff argues that Plaintiff's anxiety and depression result in non-exertional impairments that significantly limit her ability to perform unskilled work and thus preclude the use of the Grids. (*Id*. at 5.) In support of her argument, Plaintiff points to the ALJ's findings that Plaintiff has moderate restriction of daily living activities and moderate difficulties in maintaining social functioning and concentration, persistence or pace. (*Id.* at 6-7)(citing Tr. at 12.)

Where a claimant suffers from non-exertional impairments,[1] the Commissioner may not rely exclusively on the Grids and instead must present evidence from a vocational expert that a particular claimant retains the ability to perform work that exists in the national economy. *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983.) However, the Fourth Circuit has made clear that not all non-exertional conditions or maladies rise to the level of

---

[1] A non-exertional impairment is an impairment "not manifested by a loss of strength or other physical abilities." *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983.)

"non-exertional impairments," such that they would preclude the use of the Grids. *Smith v. Schweiker*, 719 F.2d 723 (4th Cir. 1984.) Where non-exertional conditions do not "significantly affect [Plaintiff's] ability to perform work of which [s]he was exertionally capable," they are not considered impairments for purposes of determining whether jobs that Plaintiff can perform exist in the national economy, and the ALJ may deny benefits "based upon a straightforward application of the [G]rids," without testimony from a vocational expert. *Id.* at 724. Indeed, the ALJ may rely exclusively on the Grids where the ALJ has properly decided, as an issue of fact, that Plaintiff's non-exertional condition does not significantly affect her capacity for work. *Stratton v. U.S. Dep't of Health & Human Servs.*, No. 88-1614, 1989 WL 100814, at *3 (4th Cir. 1989)(unpublished opinion). Thus, if in this matter substantial evidence supports the ALJ's finding that Plaintiff's non-exertional impairments do not significantly reduce Plaintiff's functional capacity to do medium work, then the ALJ properly relied on the Grids in finding that Plaintiff is not disabled. *See id.; see also Turner v. Sullivan*, No. 89-3256, 1990 WL 48854, at *2-3 (4th Cir. 1990)(unpublished opinion).

The ALJ acknowledged that Plaintiff cannot perform a full range of medium work because of non-exertional limitations on her ability to perform more than simple/routine tasks while also avoiding excessive exposure to respiratory irritants. (Tr. at 19.) The ALJ found, however, that these limitations, singly or in combination, do not significantly erode the unskilled occupational base.

The Court finds that there is not substantial evidence supporting the ALJ's conclusion. Examining psychological consultant Joseph P. Appollo, Ph.D., did conclude that although Plaintiff suffers from major depression and anxiety, she is able to understand, retain and follow directions, and to get along with others. (Tr. at 301.) However, he further opined that Plaintiff has difficulties with daily activities and carrying out routine household chores, conclusions not addressed by the ALJ. Similarly, non-examining psychological consultant Lori Brandon Souther, Ph.D., completed a psychiatric review technique ("PRT") assessment and a mental residual functional capacity ("MFRC") assessment, and found that Plaintiff suffers from moderate restrictions of daily activities and moderate difficulties with social functioning and maintaining concentration, persistence or pace. (*Id.* at 314.) Dr. Souther also found that Plaintiff is able to understand and remember simple directions and sustain sufficient attention to complete simple routine tasks, but that she could sustain attention only at a low-production pace, she may have social limitations and would do best in settings with minimal social demands, and because of difficulty adapting to change, would be able to function only in stable, low-stress work. (*Id*. at 320.)

Another non-examining psychiatric consultant, Banu Krishnamurthy, M.D., also completed a PRT and MFRC, and like Dr. Souther, found that Plaintiff suffers from moderate restrictions of daily activities and moderate difficulties with social functioning and maintaining concentration, persistence or pace. (*Id.* at 344.) He further found, based on his

review of the medical records, that Plaintiff is limited to simple, low-production tasks in a stable work setting with less interpersonal interaction.  (*Id.* at 332.)

The ALJ briefly discussed Dr. Appollo's report and findings, but did not specifically consider all of the limitations described, including the difficulties with daily activities and carrying out routine household chores.  (*See id.* at 12, 16-17.)  Moreover, the ALJ failed to address at all the findings of Drs. Souther and Krishnamurthy.  (*See id.*)

It is the Commissioner's duty to "present us with findings and determinations sufficiently articulated to permit meaningful judicial review."  *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).  In *Gordon v. Schweiker*, 725 F.2d 231 (4th Cir. 1984), the Fourth Circuit explained why the duty was so crucial:

> The courts . . . face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence.  Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."

*Id.* at 236 (quoting *Arnold v. Secretary*, 567 F.2d 258, 259 (4th Cir. 1977)).  The reviewing court requires the fact finder "to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."  *Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003).  The regulations further provide that although the ALJ is not bound by the findings made by State

agency physicians and psychologists, he may not ignore these opinions and must explain the weight given to them in his decision. 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i).

Here, the ALJ did not discuss at all the findings of Drs. Souther and Krishnamurthy.[2] Because he did not address those findings, especially the conclusions regarding Plaintiff's mental residual functional capacity, the ALJ failed "to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford [Plaintiff] meaningful review of the SSA's ultimate findings." *Blakes ex rel. Wolfe*, 331 F.3d at 569.

This is particularly so in light of the fact that the ALJ adopted the substance of these consultants' functional limitation ratings at step three of the sequential evaluation. (*See* Tr. at 12)(finding Plaintiff moderately limited in activities of daily living, social functioning, and concentration, persistence or pace); (*see also id.* at 314, 344)(PRT findings that Plaintiff moderately limited in activities of daily living, social functioning, and concentration, persistence or pace.) The limitations, described by the consultants but ignored by the ALJ, that Plaintiff be limited to low-production, low-stress work with limited or minimal interpersonal interaction are also consistent with these ratings, as well as with the limitation adopted by the ALJ that Plaintiff is limited to routine/simple work. Drs. Souther's and

---

[2] The ALJ did state that he gave "substantial weight to the State agency physical assessment, but less weight to the mental residual functional capacity/psychiatric review technique form," (tr. at 17), but the Court is unclear to what specific evidence the ALJ refers.

Krishnamurthy's findings, if considered, raise a significant question of whether the occupational base is in fact substantially eroded as a result of Plaintiff's limitations.

Accordingly, the Court finds that the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence. This matter should be remanded, therefore, for the Commissioner to fully consider the evidence concerning Plaintiff's mental limitations and thereafter re-address the issue of whether those limitation substantially erode the occupational base for medium work. Alternatively, the Commissioner may, of course, obtain the testimony of a vocational expert.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for summary judgment (Docket No. 7) be granted, that the Commissioner's motion for judgment on the pleadings (Docket No. 10) be denied, and that this matter be remanded to the Commissioner for further proceedings consistent with this decision.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: October 24, 2011